IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

          Plaintiff,

    v.                                   Case No.:  23-cr-73-jdp

IRENE M. JOHLL and
LORENZO LACEY III,

          Defendants.

MOTION FOR ENTRY OF
PRELIMINARY ORDER OF FORFEITURE

The United States of America, by Timothy M. O'Shea, United States Attorney for the Western District of Wisconsin, by Corey Stephan, Assistant United States Attorney for that district, moves this Court for an order forfeiting all right, title, and interest of defendants, Irene M. Johll and Lorenzo Lacey III, in the following:

    a. any firearms and ammunition involved in the commission of the offense, including, but not limited to one Glock, Model 19, 9mm handgun and any ammunition; one Glock, Model 23, .40 caliber handgun and any ammunition; one Mini Draco 7.62x39 firearm.

This motion is made pursuant to the provisions of 18 U.S.C. § 924(d)(1), 28 U.S.C. § 2461(c), 21 U.S.C. § 853, and Rule 32.2 of the Federal Rules of Criminal Procedure, as well as the following:

    1.    On August 9, 2023, a federal grand jury sitting in Madison, Wisconsin returned an Indictment against defendants Irene M. Johll and Lorenzo Lacey III. Count 1 of

the indictment charged that on or about November 30, 2022, Irene M. Johll, knowingly made a false statement and representation to Three Goats Firearms, Madison, Wisconsin, a person licensed under the provisions of Chapter 44 of Title 18, United States Code, with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of Three Goats Firearms, in that the defendant executed a Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) Form 4473, Firearms Transaction Record, indicating that the defendant was the actual buyer of the firearm indicated on the ATF Form 4473 (a Glock 19 9mm) when in fact the defendant then knew, the defendant was not the actual buyer of the firearm and purchased the firearm for Lorenzo Lacey III, in violation of 18 U.S.C. § 924(a)(1)(A). Count 2 charged that on or about November 30, 2022, Lorenzo Lacey III, knowingly made a false statement and representation to Three Goats Firearms, Madison, Wisconsin, a person licensed under the provisions of Chapter 44 of Title 18, United States Code, with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of Three Goats Firearms, in that the defendant induced and caused another person, Irene M. Johll, to execute a Bureau of Alcohol, Tobacco, Firearms, and Explosives Form 4473, upon which Irene M. Johll falsely stated that she was the actual buyer of the Glock 19 9mm, whereas, as both the defendant and Irene M. Johll knew, Irene M. Johll was not the actual buyer in violation of 18 U.S.C. § 924(a)(1)(A) and 2. Count 3 charged that on or about February 7, 2023, Irene M. Johll, knowingly made a false statement and representation to Cabela's, Sun Prairie, Wisconsin, a person licensed under the provisions of Chapter 44 of Title 18, United States Code, with

respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of Cabela's, in that the defendant executed a Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) Form 4473, Firearms Transaction Record, indicating that the defendant was the actual buyer of the firearm indicated on the ATF Form 4473 (a Glock 23 .40 caliber) when in fact the defendant then knew, the defendant was not the actual buyer of the firearm and purchased the firearm for Lorenzo Lacey III in violation of 18 U.S.C. § 924(a)(1)(A). Count 4 charged that on or about February 7, 2023, Lorenzo Lacey III, knowingly made a false statement and representation to Cabela's, Sun Prairie, Wisconsin, a person licensed under the provisions of Chapter 44 of Title 18, United States Code, with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of Cabela's, in that the defendant induced and caused another person, Irene M. Johll, to execute a Bureau of Alcohol, Tobacco, Firearms, and Explosives Form 4473, upon which Irene M. Johll falsely stated that she was the actual buyer of the Glock 23 .40 caliber, whereas, as both the defendant and Irene M. Johll knew, Irene M. Johll was not the actual buyer in violation of 18 U.S.C. § 924(a)(1)(A) and 2. Count 5 charged that on or about February 24, 2023, Irene M. Johll, knowingly made a false statement and representation to Three Goats Firearms, Madison, Wisconsin, a person licensed under the provisions of Chapter 44 of Title 18, United States Code, with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of Three Goats Firearms, in that the defendant executed a Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) Form 4473, Firearms Transaction Record,

indicating that the defendant was the actual buyer of the firearm indicated on the ATF Form 4473 (a Mini Draco 7.62x39) when in fact the defendant then knew, the defendant was not the actual buyer of the firearm and purchased the firearm for Lorenzo Lacey III in violation 18 U.S.C. § 924(a)(1)(A). Count 6 charged that on or about February 24, 2023, Lorenzo Lacey III, knowingly made a false statement and representation to Three Goats Firearms, Madison, Wisconsin, a person licensed under the provisions of Chapter 44 of Title 18, United States Code, with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of Three Goats Firearms, in that the defendant induced and caused another person, Irene M. Johll, to execute a Bureau of Alcohol, Tobacco, Firearms, and Explosives Form 4473, upon which Irene M. Johll falsely stated that she was the actual buyer of the Mini Draco 7.62x39, whereas, as both the defendant and Irene M. Johll knew, Irene M. Johll was not the actual buyer in violation of 18 U.S.C. § 924(a)(1)(A) and 2. The indictment also contained a forfeiture allegation for the forfeiture of any firearms and ammunition involved in the commission of the offense, including, one Glock, Model 19, 9mm handgun and any ammunition; one Glock, Model 23, .40 caliber handgun and any ammunition; one Mini Draco 7 .62x39 firearm. ECF No. 3.

    2.    Pursuant to the plea agreement, Lorenzo Lacey III agreed to the forfeit the assets seized by the Fitchburg Police Department and the Bureau of Alcohol, Tobacco, Firearms and Explosives. ECF. No. 31.

3.	Pursuant to the plea agreement, Irene M. Johll agreed to the forfeit the assets seized by the Fitchburg Police Department and the Bureau of Alcohol, Tobacco, Firearms and Explosives. ECF. No. 32.

4.	On March 7, 2024, Lorenzo Lacey III, pleaded guilty to Count 4 of the indictment. ECF. No. 34.

5.	On March 26, 2024, Irene M. Johll, pleaded guilty to Counts 1, 3, and 5 of the indictment. ECF. No. 40.

6.	Upon the issuance of a Preliminary Order of Forfeiture, and pursuant to 21 U.S.C. § 853(n) as incorporated by 28 U.S.C. § 2461(c), the United States shall publish notice of the order and of its intent to dispose of property in such a manner as the Attorney General may direct. Notice that any person, other than the defendants having or claiming a legal interest in the property, must file a petition with the Court (and serve a copy on Corey Stephan, Assistant United States Attorney) within thirty days of the final publication of notice or of receipt of actual notice, whichever is earlier. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title, or interest in the forfeited property, and any additional facts supporting the petitioner's claim and the relief sought. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the

property that is the subject of the Preliminary Order of Forfeiture, as a substitute for published notice as to those persons so notified.

7. Based upon the above, the United States asks this Court to enter a Preliminary Order of Forfeiture against the following:

   a. any firearms and ammunition involved in the commission of the offense, including, one Glock, Model 19, 9mm handgun and any ammunition; one Glock, Model 23, .40 caliber handgun and any ammunition; one Mini Draco 7.62x39 firearm.

Dated this 27th day of March 2024.

                                Respectfully submitted,

                                TIMOTHY M. O'SHEA
                                United States Attorney

                         By: */s/ Corey Stephan*
                                COREY STEPHAN
                                Assistant United States Attorney